United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FREDERICK SMITH,

    Plaintiff,

v.

HAROLD P. JOHNSON,

    Defendant.

No. C 11-4823 MMC

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; VACATING HEARING**

      Before the Court is defendant Harold P. Johnson's ("Johnson") motion, filed March 6, 2012, as amended March 19, 2012, to dismiss plaintiff Frederick Smith's ("Smith") complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Smith has filed opposition thereto.[1] No reply has been filed. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for decision on the parties' written submissions, VACATES the hearing scheduled for April 27, 2012, and rules as follows.

//

---

[1] On April 10, 2012, Smith filed a document titled "Declaration Seeking Order to Show Cause-Alleged Contempt of Court (18 USCA Sec 401)" ("Smith Decl."), by which Smith opposes Johnson's motion to dismiss and asks the Court to issue an order to show cause why defense counsel "should not be remanded into Federal custody and not be punished for contempt of court." (See Smith Decl. at 6.) To the extent said declaration is intended as an opposition, the filing is untimely. See Civil L.R. 7-3 (providing opposition must be served and filed not more than 14 days after motion is served and filed). The Court nonetheless has considered the arguments made therein. To the extent said declaration is intended as a motion, Smith has provided no basis for the Court to issue the order thereby requested and, accordingly, such request is hereby denied.

**BACKGROUND**

The above-titled action arises from Johnson's alleged non-payment of wages to Smith and termination of Smith's employment. Smith alleges in his complaint that Johnson "retaliated against [him] by deliberately refusing to pay [him] wages he earned for the days [he] worked as a Security Guard on [the] dates of 10-02-09, 10-03-09 and 10-04-09," (see Compl. at 2:16-19), that he "filed a wage claim with the [California] Labor Commission" (see id. at 2:19-20), that Johnson "terminated [his] employment in retaliation for [his] filing a complaint with the Department of Labor," (see Attach. to Compl.), and that, in connection with said termination, Johnson failed to provide him with "prior notice" and other "procedural protections" (see Compl. at 4:6-8). Based on said allegations, Smith brings a claim under Title VII of the Civil Rights Act of 1964 for retaliation (see Compl. 1:23-25), and a claim under 42 U.S.C. §§ 1981 and 1983 for "Denial of Due Process in Disciplinary and Administrative Proceedings" (see Compl. at 4).

**LEGAL STANDARD**

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In analyzing a motion to dismiss, a district court must accept as true all material allegations in the complaint, and construe them in the light most favorable to the nonmoving party. See NL Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). Nevertheless, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" Twombly, 550 U.S. at 555. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." See Iqbal, 129 S. Ct. at 1950 (internal quotation and citation omitted).

**DISCUSSION**

**I.     Claim for Retaliation under Title VII**

**A.     Statute of Limitations**

At the outset, Johnson argues Smith's cause of action under Title VII is barred by the applicable statute of limitations.

Before filing a complaint under Title VII, a plaintiff ordinarily files a charge with the Equal Employment Opportunity Commission ("EEOC") and, if within 180 days thereafter the EEOC itself has not filed a civil action or the parties have not resolved the matter, obtains a right-to-sue letter from the EEOC; if the EEOC fails to so act on the charge within 180 days, the plaintiff may file suit without such letter. See 42 U.S.C. § 2000e-5(f)(1); see also Surrell v. Cal. Water Serv. Co., 518 F.3d 1097, 1104 (9th Cir. 2008). After receiving a right-to-sue letter from the EEOC, or becoming eligible for one by the EEOC's inaction, a plaintiff has 90 days to file suit. See 42 U.S.C. § 2000e-5(f)(1).

Filing a charge with the EEOC, however, is not necessarily a prerequisite to filing suit in federal court. "[W]here . . . a plaintiff is entitled to receive a right-to-sue letter from the EEOC, a plaintiff may proceed absent such a letter, provided [he] has received a right-to-sue letter from the appropriate state agency," which, in California, is the Department of Fair Employment and Housing ("DFEH"). See Surrell, 518 F.3d at 1105 (noting charge filed with DFEH "is deemed filed with the EEOC pursuant to a worksharing agreement between the two entities"). Because, as noted, a plaintiff is "entitled" to receive a right-to-sue letter from the EEOC once the 180-day statutory period has passed, see id., a plaintiff becomes "entitled" to a federal right-to-sue letter 180 days after his charge is filed with the DFEH, see Stiefel v. Bechtel Corp., 624 F.3d 1240, 1245 (9th Cir. 2010).

Here, Smith alleges the EEOC issued a right-to-sue letter on October 1, 2010, and purports to attach such letter to his complaint. (See Compl. at 3:3-4.) The attachment, however, is a charge Smith filed with the DFEH on October 1, 2010. Nevertheless, the right-to-sue letter issued in connection with said charge is before the court as an exhibit to

3

1  Smith's declaration in opposition to the motion and, because the complaint references the
2  right-to-sue letter, it may be considered herein.  See Branch v. Tunnel, 14 F.3d 449, 454
3  (9th Cir. 1994), overruled on other grounds in Galbraith v. County of Santa Clara, 307 F.3d
4  1119, 1127 (9th Cir. 2002) (holding "documents whose contents are alleged in a complaint
5  and whose authenticity no party questions, but which are not physically attached to the
6  pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss"); see also
7  Hughes v. County of Mendocino, No. C 11-1319 SBA, 2011 WL 4839234 at *3 n.1 (N.D.
8  Cal. Oct. 12, 2011) (taking judicial notice of DFEH charges and right-to-sue letters
9  referenced in complaint).
10       As noted, where the EEOC fails to act within 180 days of the filing of a charge filed
11  with the DFEH, and the DFEH has issued a right-to-sue letter, a plaintiff must file his
12  federal action under Title VII no later than 90 days after the expiration of the 180-day
13  period.  In this instance, the 180-day period expired March 30, 2011.  Smith thus had until
14  June 28, 2011 to file his federal complaint.  The instant action was filed September 29,
15  2011.  Consequently, absent some basis for equitable tolling, the complaint is subject to
16  dismissal for failure to comply with the applicable statute of limitations.  See Irwin v. Dep't
17  of Veterans Affairs, 498 U.S. 89, 95-96 (1990) (holding statutory time limit for filing suit
18  under Title VII is subject to equitable tolling).  In that regard, Smith has alleged no facts
19  explaining his failure to timely file suit, let alone facts sufficient to justify equitable tolling.
20       Accordingly, Smith's claim under Title VII is subject to dismissal.  The Court will,
21  however, afford Smith an opportunity to amend his complaint to allege, if he can do so,
22  facts sufficient to support equitable tolling.
23  **B.    Failure to State a Claim**
24       Johnson also argues Smith's cause of action under Title VII is subject to dismissal
25  for failure to allege sufficient facts to support a retaliation claim.
26       To state a claim for retaliation under Title VII, Smith must plead facts showing "[he]
27  engaged in a protected activity, that [he] was thereafter subjected by [his] employer to

adverse employment action, and that a causal link exists between the two." Cohen v. Fred Meyer, Inc., 686 F.2d 793, 796 (9th Cir. 1982).

As Johnson correctly points out, Smith has alleged insufficient facts to state a claim under Title VII.  As noted, Smith alleges he was terminated and his wages withheld in retaliation for filing a complaint with the California Department of Labor.  (See Compl. at 2:17-21.)  Title VII, however, only prohibits retaliation for acts protected by Title VII itself. See 42 U.S.C. § 2000e-3(a) (prohibiting employer from "discriminating" against employee "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge . . . in an investigation, proceeding or hearing under this subchapter").  Smith fails to allege facts demonstrating he was engaged in such a protected activity, or facts showing how either the withholding of wages or his termination was in any way related to the filing of a complaint with the California Department of Labor.

Accordingly, Smith's retaliation claim is subject to dismissal for failure to allege sufficient supporting facts.  The Court will, however, afford Smith an opportunity to amend to cure said deficiency.

**II.    Due Process Claim**

Johnson argues Smith's due process claim likewise is subject to dismissal for failure to state a claim.

As Johnson correctly points out, in order to state a claim under 28 U.S.C. § 1983, Smith must allege "(1) the action occurred under color of law and (2) the action resulted in a deprivation of a constitutional right or a federal statutory right."  See McDade v. West, 223 F.3d 1135, 1139 (9th Cir. 2000) (internal quotation and citation omitted).  "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law."  Id. (internal

5

quotation and citation omitted).[2]

Here, Smith has alleged no facts demonstrating Johnson acted "under color of law." The facts, as alleged in the complaint, show only that Johnson acted as a private employer in an ordinary relationship with his employee. Actions taken in the course of such a relationship ordinarily are not taken "under color of law." See, e.g., Woods v. Princeton Packaging, Inc., 655 F. Supp. 215, 217 (W.D. Wash. 1987) ("Section 1983 does not apply to a private employer unless the private employer's conduct is fairly attributable to the State or unless he is a willful participant in joint activity with the State or its agents.") (citing Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982)).

As discussed, Smith also brings his due process claim under § 1981, which prohibits racial discrimination in the making and enforcing of private contracts. See 42 U.S.C. § 1981(a) ("[a]ll persons . . . shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens"); see also Johnson v. Railway Exp. Agency, Inc., 421 U.S. 454, 459-60 (1975) (noting "[§] 1981 affords a federal remedy against discrimination in private employment on the basis of race"). Smith's complaint contains no allegations of racial discrimination, and, consequently, any claim based on 42 U.S.C. § 1981 is subject to dismissal.

Accordingly, Smith's due process claim is, in its entirety, subject to dismissal. Again, the Court will afford Smith leave to amend to cure, if he can do so, the above-noted deficiencies.

### III. Johnson's Status as LLC Member

Lastly, citing U.S. Liability Ins. Co. v. Haidinger-Hayes, Inc., 1 Cal. 3d 586, 595 (1970), Johnson moves to dismiss on the basis that he "is the managing member of Johnson Security & Protection, LLC ("JSP") and Genesis Protective Services, LLC ("GPS"),

---

[2] As noted, Smith also brings his due process claim under § 1981, which prohibits racial discrimination in the making and enforcing of private contracts. See 42 U.S.C. § 1981(a). Smith has made no allegations on the basis of racial discrimination, and, accordingly, any claim under 42 U.S.C. § 1981 is subject to dismissal.

both California limited liability compan[ies]," and, consequently, cannot be held individually liable.  See id. (holding "[d]irectors and officers are not personally liable on contracts signed by them for and on behalf of the corporation unless they purport to bind themselves individually").  In deciding a motion to dismiss, the Court may not consider matters outside the complaint unless referenced therein or subject to judicial notice.  See Intri-Plex Tech. Inc. v. Crest Group, Inc., 499 F.3d 1048, 1052 (9th Cir. 2007) (noting "[g]enerally, a court may not consider material beyond the complaint in ruling on a Fed. R. Civ. P. 12(b)(6) motion"; further noting court may consider matters subject to judicial notice); Branch,14 F.3d at 454 (holding court may consider "documents whose contents are alleged in a complaint and whose authenticity no party questions").  Because the precise nature of the employing entity is not apparent from the face of the complaint or from any evidence submitted and subject to judicial notice, such assertion cannot be considered in connection with the instant motion.

## CONCLUSION

For the reasons stated above, Johnson's motion to dismiss is hereby GRANTED, and the complaint is hereby DISMISSED, with leave to amend.  Smith's First Amended Complaint, if any, shall be filed no later than May 11, 2012.

**IT IS SO ORDERED.**

Dated:  April 25, 2012

MAXINE M. CHESNEY
United States District Judge